ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 7, 2014

The Honorable Craig Estes
Chair, Committee on Agriculture,
    Rural Affairs & Homeland Security
Texas Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-1049

Re: Whether the Red River Authority must obtain county approval for any purchase of groundwater in a county without a groundwater conservation district
(RQ-1155-GA)

Dear Senator Estes:

You ask whether the Red River Authority (the "RRA") must obtain county approval for the purchase of groundwater in a county without a groundwater conservation district.[1] You explain that Senate Bill 281 (the "Bill"), enacted during the Eighty-third Legislative Session, "allows the RRA to purchase groundwater rights" with commissioners court approval. Request Letter at 2; *see also* Act of May 26, 2013, 83d Leg., R.S., ch. 1156, 2013 Tex. Gen. Laws 2879, 2879–80. The Bill provides that the RRA "may purchase groundwater rights in a county in the Authority's territory only if . . . in the case where a county is not in the jurisdiction of a groundwater conservation district, the commissioners court of the county approves the purchase of groundwater rights[.]" Act of May 26, 2013, 83d Leg., R.S., ch. 1156, § 3, 2013 Tex. Gen. Laws 2879, 2879. You explain that the RRA "purchase[s] potable groundwater from the city of Vernon" to supply domestic water to various water systems in Wilbarger County (the "County"). Request Letter at 2. A question has arisen as to what constitutes the "purchase of groundwater rights" so as to require the approval of the commissioners court. The County argues that, under the Bill, "any existing development, use or purchase of underground water in Wilbarger County must be approved by the Commissioners Court." *Id.* The RRA asserts the contrary position that the Bill "applies to acquisition of groundwater rights," not all purchases of groundwater. *Id.* We understand your question to be whether the phrase "purchase of groundwater rights" as used in the Bill encompasses the purchase of groundwater that has already been removed from the ground.[2]

---

[1]Letter from Honorable Craig Estes, Chair, Agric., Rural Affairs & Homeland Sec. Comm., to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Oct. 10, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The Bill became effective on September 1, 2013. Act of May 26, 2013, 83d Leg., R.S., ch. 1156, § 5, 2013 Tex. Gen. Laws 2879, 2880. "A statute is presumed to be prospective in its operation unless expressly made

(continued...)

The Bill does not define the term "groundwater rights." Generally, "[t]he legislature recognizes that a landowner owns the groundwater below the surface of the landowner's land as real property." TEX. WATER CODE ANN. § 36.002(a) (West Supp. 2013); *see also Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 832 (Tex. 2012) (concluding that ownership of groundwater also encompasses groundwater in place); *City of Del Rio v. Clayton Sam Colt Hamilton Trust*, 269 S.W.3d 613, 617 (Tex. App.—San Antonio 2008, pet. denied) (noting that groundwater may be bartered and sold just as any other kind of property). Such "groundwater ownership and rights . . . entitle the landowner, including a landowner's lessees, heirs, or assigns, to drill for and produce the groundwater below the surface of real property" subject to certain regulations and restrictions. TEX. WATER CODE ANN. § 36.002(b)(1) (West Supp. 2013). Thus, the term "groundwater rights" as used in the Bill includes the right to drill and produce groundwater below the surface of the land.[3]

We are urged to treat the purchase of groundwater that has already been removed from the ground as being synonymous with the purchase of "groundwater rights" on the theory that the acquisition of groundwater encompasses certain associated rights that enable the use of the water. The plain language of the Bill, however, seems to distinguish between groundwater as a commodity and groundwater as a property right. In addition to authorizing the RRA's purchase of groundwater rights, the Bill amended section 25 of the RRA's enabling legislation as follows:

> Sec. 25. Nothing in this Act shall be construed as authorizing the Authority to acquire or [,] regulate [or control in any way] underground water or underground water rights by condemnation or [purchase or otherwise or to develop,] regulate [or control] the use of underground water resources in any manner [. This act is intended to govern and shall be construed to govern and apply to surface water only].

Act of May 26, 2013, 83d Leg., R.S., ch. 1156, § 4, 2013 Tex. Gen. Laws 2879, 2879–80 (emphasis added). The Legislature left intact the phrase "underground water or underground water rights," suggesting that the two are different. Indeed, numerous provisions in state law distinguish between "water" and "water rights." *See, e.g.*, TEX. WATER CODE ANN. §§ 5.013 (West Supp. 2013) (establishing the jurisdiction of the Texas Commission on Environmental

---

retroactive." TEX. GOV'T CODE ANN. § 311.022 (West 2013). Nothing in the language of the Bill indicates an intent to apply its provisions retroactively. Thus, a contract for the purchase of groundwater entered into before September 1, 2013, would not be affected by the Bill.

[3]Our discussion of the term "groundwater rights" in this opinion applies only to the Legislature's use of that term in the Bill and should not be construed as expressing any opinion on the scope or extent of a private landowner's property rights in groundwater under Texas law. *See Edwards Aquifer Auth.*, 369 S.W.3d at 832 (discussing private ownership of groundwater as a property right).

Quality over "water and water rights"); 49.2261(1) (West 2008) (generally authorizing all water districts to "purchase . . . water or water rights under an agreement"); TEX. SPEC. DIST. CODE ANN. §§ 8813.114(c)(1), 8815.112(c)(1), 8878.113(c)(1) (West 2013) (authorizing several water authorities, through identical language, to "contract for . . . the purchase, sale or lease of water or water rights").

In light of this express distinction in the RRA's enabling legislation and similar distinctions found throughout other state statutes, we cannot conclude that the purchase of groundwater that has already been removed from the ground is indistinguishable from the purchase of "groundwater rights" as that phrase is used in the Bill. Nor can we ignore the plain language in the Bill making the purchase only of "groundwater rights," and not "groundwater," subject to commissioners court approval. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). Thus, not every purchase of groundwater by the RRA will automatically constitute a purchase of groundwater rights requiring commissioners court approval. That said, the Legislature has not articulated what more the term "groundwater rights" as used in the Bill may encompass beyond the right to drill for and produce groundwater. *See* TEX. WATER CODE ANN. § 36.002(a), (b)(1) (West Supp. 2013). Accordingly, a court would likely conclude that the RRA's purchase of groundwater as a commodity in a county without a groundwater conservation district requires commissioners court approval if the purchase entitles the RRA to drill for and produce the groundwater below the surface of the land. Whether a contract for the purchase of groundwater that does not entitle the RRA to drill for and produce groundwater nevertheless conveys a "groundwater right" such that it must be approved by the commissioners court in a county without a groundwater conservation district is a question that can only be answered by reference to the particular contract at issue. Such questions are not the appropriate subject of an attorney general opinion.[4]

---

[4]*See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (noting that questions of fact are not resolved in the opinion process); *see also* Tex. Att'y Gen. Op. No. GA-0690 (2009) at 3–4 (stating that this office does not construe contracts).

## S U M M A R Y

Whether a contract for the purchase of groundwater that does not entitle the Red River Authority to drill for and produce groundwater nevertheless conveys a "groundwater right" such that it must be approved by the commissioners court in a county without a groundwater conservation district is a question that can only be answered by reference to the particular contract at issue. Such questions are not the appropriate subject of an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee